UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| DR. OMAR NIEVES-ORTIZ, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CORPORACIÓN DEL CENTRO CARDIOVASCULAR DE PUERTO RICO Y DEL CARIBE, et al.,<br><br>Defendants. | Civil No. 20-1717 (ADC) |

## OPINION AND ORDER

Before the Court is co-defendant Corporación del Centro Cardiovascular de Puerto Rico y del Caribe's ("CCC") motion to dismiss. **ECF No. 29.** For the reasons below, CCC's motion to dismiss is **DENIED.**

Plaintiff Dr. Omar Nieves-Ortiz ("plaintiff") filed suit against multiple defendants, including CCC. **ECF No. 1.** As relevant herein, plaintiff raised retaliation, antitrust and due process claims against CCC. *Id.*

Prior to filing the above-captioned case, plaintiff filed multiple complaints (via letters) with CCC. *Id.* On or around December 18, 2019, plaintiff was notified that CCC had initiated an administrative proceeding[1] into the allegations raised in plaintiff's letters. Pinning its hopes on the pendency of this administrative proceeding, CCC now moves to dismiss on the argument

---

[1] CCC is a public corporation of the Commonwealth of Puerto Rico. *Id.*

that the *Younger* abstention doctrine should be applied to this case. **ECF No. 29**. However, CCC's reliance on that abstention doctrine is misguided.

The *Younger* abstention doctrine reflects a "longstanding public policy against federal court interference with state court proceedings." *Mass. Delivery Ass'n v. Coakley*, 671 F.3d 33, 40 (1st Cir. 2012) (*quoting Younger v. Harris*, 401 U.S. 37, 43 (1971)). Federal courts generally apply the *Younger* abstention doctrine when the following three conditions are met: "(1) the proceedings are judicial in nature; (2) they implicate important state interests; and (3) they provide an adequate opportunity to raise federal constitutional challenges." *Arana-Santiago v. Universidad de Puerto Rico en Utuado*, 2019 WL 6330814 at *2 (D.P.R. Nov. 25, 2019).

While the first prong – that proceedings be judicial in nature – seems straightforward, the First Circuit has constructed its application in narrow terms apropos of state administrative proceedings. To that effect, it has held that to "satisfy the first prong in the context of a state administrative proceeding, the proceeding 'must be coercive, and in most-cases, state-initiated, in order to warrant abstention.'" *Casiano-Montañez v. State Ins. Fund Corp.*, 707 F.3d 124, 128 (1st Cir. 2013) (*quoting Guillemard–Ginorio v. Contreras–Gómez*, 585 F.3d 508, 522 (1st Cir.2009)). Here, like in *Casiano-Montañez*, plaintiff "voluntarily initiated the administrative proceedings before the Board." 707 F.3d at 128. To be sure, plaintiff sent multiple complaints to CCC, as a result of which the administrative proceeding in question was initiated. **ECF No. 1**. Non-coercive proceedings of this nature are "not of the type to which deference under *Younger* applies." *Id.*

Therefore, the *Younger* abstention doctrine cannot be applied here, and CCC's motion to dismiss is accordingly **DENIED**.

**SO ORDERED.**

At San Juan, Puerto Rico, on this **31** day of March, 2022.

S/AIDA M. DELGADO-COLÓN
United States District Judge