UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **DR. OMAR NIEVES-ORTIZ, et al.,**<br><br>    **Plaintiffs,**<br><br>    v.<br><br>**CORPORACIÓN DEL CENTRO CARDIOVASCULAR DE PUERTO RICO Y DEL CARIBE, et al.,**<br><br>    **Defendants.** | **Civil No. 20-1717 (ADC)** |

**OPINION AND ORDER**

Before the Court is co-defendants Dr. Juan Carlos Sotomonte-Arriza ("Dr. Sotomonte") and Heart Rhythm Management P.S.C.'s ("HRM") motion to dismiss. **ECF No. 26.** For the reasons below, Dr. Sotomonte and HRM's motion to dismiss is **GRANTED.**

**I. Background**

Plaintiff Dr. Omar Nieves-Ortiz ("plaintiff") filed suit against multiple defendants, including Dr. Sotomonte and HRM. **ECF No. 1**. As relevant herein, plaintiff raised a claim of retaliation pursuant to the False Claims Act ("FCA") against Dr. Sotomonte. *Id. See also* 31 U.S.C. § 3730(h). In a nutshell, plaintiff alleged that he – a doctor with privileges at the Corporacion del Centro Cardiovascular de Puerto Rico y del Caribe ("CCC") - complained to CCC's board that Dr. Sotomonte and CCC were engaging in practices prohibited by the FCA. Plaintiff maintains

that shortly thereafter, CCC and Dr. Sotomonte retaliated against him by, *inter alia*, subjecting him to a disciplinary proceeding. *Id.*

Now, Dr. Sotomonte moves to dismiss plaintiff's FCA retaliation claim.[1] **ECF No. 26.**

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a complaint that fails to state a claim upon which relief could be granted. "To avoid dismissal, a complaint must provide 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Garcia-Catalan v. United States*, 734 F.3d 100, 102 (1st Cir. 2013) (quoting Fed. R. Civ. P. 8(a)(2)). When ruling on a motion to dismiss for failure to state a claim, a district court must "ask whether the complaint states a claim to relief that is plausible on its face, accepting the plaintiff's factual allegations and drawing all reasonable inferences in the plaintiff's favor." *Cooper v. Charter Communications Entertainments I, LLC*, 760 F.3d 103, 106 (1st Cir. 2014) (*citing Maloy v. Ballori-Lage*, 744 F.3d 250, 252 (1st Cir. 2014)) (internal quotations marks omitted).

"To cross the plausibility threshold, the plaintiff must 'plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Cooper*, 760 F.3d at 106 (*citing Maloy* 744 F.3d at 252). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, … , on the assumption that all the allegations in the complaint are true (even

---

[1] HRM also moves to dismiss plaintiff's FCA retaliation claim, but no such claim is levied against it. **ECF No. 1.**

if doubtful in fact) … ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). "Non-conclusory factual allegations in the complaint must then be treated as true, even if seemingly incredible." *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011).

### III. Discussion

Dr. Sotomonte argues that the FCA retaliation claim against him should be dismissed because he is not plaintiff's employer and thus cannot be held liable under the FCA. **ECF No. 26** at 23-24. Plaintiff either misinterprets Dr. Sotomonte's argument or avoids it altogether, because he merely responds that the people who took retaliatory action against him all report to Dr. Sotomonte. **ECF No. 63** at 7. Dr. Sotomonte's argument wins the day.

> 31 U.S.C.A. § 3730(h) states:
>
> Any employee, contractor, or agent shall be entitled to all relief necessary to make that employee, contractor, or agent whole, if that employee, contractor, or agent is discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms and conditions of employment because of lawful acts done by the employee, contractor, agent or associated others in furtherance of an action under this section or other efforts to stop  or more violations of this subchapter.

Indeed, a plain reading of the statute suggests that plaintiffs can only sue under that statute those who are their employers or have entered into a contractual or agency relationship with them.[2]

---

[2] The Supreme Court has made clear that "courts must presume that a legislature says in a statute what it means and means in a statute what it says there. When the words of a statute are unambiguous, then, this first canon is also the last: 'judicial inquiry is complete.'" *In re Hart*, 328 F.3d 45, 49 (1st Cir. 2003).

Multiple courts have held that individual defendants who don't otherwise fit that mold cannot be held to answer under the FCA's antiretaliation provision. *United States ex rel. Karvelas v. Tufts Shared Servs., Inc.*, 433 F. Supp. 3d 174, 181 (D. Mass. 2019). *See e.g., Frett v. Howard Univ.*, 24 F. Supp. 3d 76, 85 (D.D.C. 2014); *Klaassen v. Univ. of Kansas Sch. of Med.*, 84 F. Supp. 3d 1228, 1260 (D. Kan. 2015); *Lipka v. Advantage Health Grp., Inc.*, 2013 WL 5304013, at *10-12 (D. Kan. Sept. 20, 2013).

Still, a Court in this district – in an earlier case: *Laborde v. Rivera-Dueno*, 719 F. Supp. 2d 198 (D.P.R. 2010) – refrained from finding that individual FCA retaliation defendants could not be held liable "in the absence of specific First Circuit guidance." *Laborde*, 719 F. Supp. 2d at 205. However, a sister District Court in Massachusetts declined to follow *Laborde*'s lead, instead finding that such liability does not exist under the FCA's retaliation provision. *Karvelas*, 433 F. Supp. 3d at 181. This Court finds *Karvelas*'s rationale and holding persuasive.

Plaintiff's complaint does not plead an employer-employee, contractual or agency relationship between him and Dr. Sotomonte. And, even drawing all reasonable inferences in plaintiff's favor, one cannot be assumed. *See Cooper*, 760 F.3d at 106 (*citing Maloy* 744 F.3d at 252). Thus, Dr. Sotomonte cannot be held to answer under the FCA's retaliation provision. *See Karvelas*, 433 F. Supp. 3d at 181. Plaintiff has therefore failed to state a plausible FCA retaliation claim against Dr. Sotomonte. *See Cooper*, 760 F.3d at 106 (*citing Maloy* 744 F.3d at 252).

Plaintiff's FCA retaliation claims against Dr. Sotomonte are accordingly **DISMISSED WITHOUT PREJUDICE**.

**IV. Conclusion**

In accordance with the reasons stated above, the Court **GRANTS** Dr. Sotomonte and HRM's motion to dismiss (**ECF No. 26**). Plaintiff's FCA retaliation claim against Dr. Sotomonte is accordingly **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 31st day of March, 2022.

                                           **S/AIDA M. DELGADO-COLÓN**
                                             **United States District Judge**