UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **DR. OMAR NIEVES-ORTIZ, et al.,**  Plaintiffs,  v.  **CORPORACIÓN DEL CENTRO CARDIOVASCULAR DE PUERTO RICO Y DEL CARIBE, et al.,**  Defendants. | **Civil No. 20-1717 (ADC)** |

**OPINION AND ORDER**

Before the Court is Dr. Omar Nieves-Ortiz's ("plaintiff") motion to clarify and for reconsideration. **ECF No. 91**. For the reasons below, plaintiff's motion to clarify and for reconsideration is **DENIED**.

**I. Background**

Plaintiff filed suit against multiple defendants, including Dr. Sotomonte and HRM. **ECF No. 1**. As relevant herein, plaintiff raised a claim of retaliation pursuant to the False Claims Act ("FCA") against Dr. Juan Carlos Sotomonte-Arriza ("Dr. Sotomonte"). *Id. See also* 31 U.S.C. § 3730(h). In a nutshell, plaintiff alleged that he – a doctor with privileges at the Corporación del Centro Cardiovascular de Puerto Rico y del Caribe ("CCC") - complained to CCC's board that Dr. Sotomonte and CCC were engaging in practices prohibited by the FCA. Plaintiff maintains

that shortly thereafter, CCC and Dr. Sotomonte retaliated against him by, *inter alia*, subjecting him to a disciplinary proceeding. *Id.*

Dr. Sotomonte moved to dismiss plaintiff's FCA retaliation claim.[1] **ECF No. 26.** On March 31, 2022, the Court granted that motion to dismiss. **ECF No. 90**. Therein, the Court held that plaintiff's complaint did not plead an employer-employee, contractual or agency relationship between him and Dr. Sotomonte – and that failing to allege such a relationship was fatal. *Id.* at 4. Now, plaintiff moves to clarify and for reconsideration. **ECF No. 91**.

**II. Legal Standard**

A party may seek to alter or amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure so long as the motion is filed "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The rule, however, "does not list specific grounds for affording relief but, rather, leaves the matter to the sound discretion of the district court." *Ira Green, Inc. v. Military Sales & Service Co.*, 775 F.3d 12, 27 (1st Cir. 2014). The First Circuit has held that Rule 59(e) motions are granted only "when the original judgment evidenced a manifest error of law, if there is newly discovered evidence, or in certain other narrow situations." *Ocasio-Hernández v. Fortuño-Burset*, 777 F.3d 1, 9 (1st Cir. 2015) (*citing Biltcliffe v. CitiMortgage, Inc.*, 772 F.3d 925, 930 (1st Cir. 2014)). Notwithstanding, the court's "discretion must be exercised with considerable circumspection: revising a final judgment is an extraordinary remedy and should be employed

---

[1] HRM also moved to dismiss plaintiff's FCA retaliation claim, but no such claim was levied against it. **ECF No. 1.**

sparingly." *Ira Green, Inc.*, 775 F.3d at 27 (*citing Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006)).

"Unless the court has misapprehended some material fact or point of law, such a motion is normally not a promising vehicle for revisiting a party's case and rearguing theories previously advanced and rejected." *Palmer*, 465 F.3d at 30. Also, "a Rule 59(e) motion 'does not provide a vehicle for a party to undo its own procedural failures' or to 'introduce new evidence or advance arguments that could and should have been presented to the district court prior to judgment.'" *Quality Cleaning Products R.C., Inc. v. SCA Tissue North America, LLC*, 794 F.3d 200, 208 (1st Cir. 2015) (*citing Emmanuel v. Int'l Bhd. of Teamsters, Local Union No. 25*, 426 F.3d 416, 422 (1st Cir. 2005); *Aybar v. Crispin–Reyes*, 118 F.3d 10, 16 (1st Cir. 1997)).

The same standard is used when assessing reconsideration of pre-judgment orders adjudicating motions. *Ruíz- Rivera v. Pfizer Pharms., LLC*, 521 F.3d 76, 81 (1st Cir. 2008).

**III. Discussion**

Plaintiff puts forth two main arguments in its motion for reconsideration. First, he argues that the Court relied on an undeveloped argument to dismiss his claims. Second, he posits that the Court's interpretation of 31 U.S.C.A. § 3730(h) is erroneous. The Court will address each argument in turn.

Plaintiff's first argument is misguided. He insists that Dr. Sotomonte did not sufficiently develop an argument that plaintiffs cannot plausibly plead a § 3730(h) without alleging an employer-employee, contractual or agency relationship, but he is wrong: Dr. Sotomonte did

raise this argument. **ECF No. 26** at 15 and 23. But even if he had not, the Court was well within its sound discretion to dismiss the complaint *sua sponte* on those grounds (which it did not) because, per plaintiff's own allegations, he did not have an employer-employee, contractual or agency relationship with Dr. Sotomonte. *See Chute v. Walker*, 281 F.3d 314, 319 (1st Cir. 2002) ("If it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile, then a *sua sponte* dismissal may stand.").

The second argument fares no better. Plaintiff argues extensively that § 3730(h) does not require that plaintiffs plead an employer-employee, contractual or agency relationship with the defendants. However, this argument comes far too late in the game. Indeed, a motion for reconsideration "does not provide a vehicle for a party to … advance arguments that could and should have been presented to the district court prior to [a decision]." *Quality Cleaning Products R.C., Inc.*, 794 F.3d at 208 (cleaned up). Besides, the Court stands by its holding: a plain reading of § 3730(h) suggests that plaintiffs can only sue under that statute those who are their employers or have entered into a contractual or agency relationship with them.[2] *See United States ex rel. Karvelas v. Tufts Shared Servs., Inc.*, 433 F. Supp. 3d 174, 181 (D. Mass. 2019).[3] *See also e.g., Frett v. Howard Univ.*, 24 F. Supp. 3d 76, 85 (D.D.C. 2014); *Klaassen v. Univ. of Kansas Sch. of Med.*, 84 F.

---

[2] Plaintiff bemoans that "nothing in [§ 3730(h)'s] language defines who can be sued under this statutory provision," but the Court maintains that the fact that the statute only authorizes an employee, contractor, or agent to file an FCA retaliation claim precludes litigation between parties who do not have the requisite employer-employee, contractual or agency relationship.

[3] The Court in *Karvelas* considered and rejected the very arguments plaintiff now raises. 433 F. Supp. 3d at 180-181.

Supp. 3d 1228, 1260 (D. Kan. 2015); *Lipka v. Advantage Health Grp., Inc.*, 2013 WL 5304013, at *10-12 (D. Kan. Sept. 20, 2013).

Thus, plaintiff's motion to clarify and for reconsideration cannot prevail.

### IV. Conclusion

In accordance with the reasons stated above, the Court **DENIES** plaintiff's motion to clarify and for reconsideration (**ECF No. 91**).

**SO ORDERED**.

At San Juan, Puerto Rico, on this 6th day of October, 2022.

                                            **S/AIDA M. DELGADO-COLÓN**
                                            **United States District Judge**